IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROGER TROMBLEY, derivatively on behalf of COMMUNITY HEALTH SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WAYNE T. SMITH, *et al.*, <br><br> Defendants, <br><br> and <br><br> COMMUNITY HEALTH SYSTEMS, INC., <br><br> Nominal Defendant. | Case No. 3:19-cv-00733 <br><br> District Judge Eli J. Richardson <br> Magistrate Judge Barbara D. Holmes <br><br> JURY DEMAND |

**O R D E R**

Upon consultation with Judge Richardson, because the parties have requested that further case management in this case be delayed and therefore prolonged for a substantial period pending further developments in the federal securities action of *Padilla v. Community Health Systems, Inc., et al.*, Case No. 3:19-cv-00461 (the "Federal Securities Class Action"), the Court finds that the most efficient use of the resources of the parties and the Court is to administratively close this case, subject to any party moving to reopen the case as appropriate. The Clerk is therefore directed to ADMINISTRATIVELY CLOSE this case.

All case management deadlines are suspended, subject to further order and reopening of the case for additional case management. Applicable case management provisions found in prior orders shall be reinstated upon reopening and shall govern any disputes between the parties upon reopening of the case.

Additionally, notwithstanding the administrative closure, and per the agreement of the parties as evidenced by their proposed first modified case management order (Docket No. 26), discovery in this Action shall proceed as related to discovery in the Federal Securities Class Action according to the following:

1. Counsel for Plaintiff shall be entitled to receive all generally applicable document discovery produced by defendants, their employees or agents, and third parties in the Federal Securities Class Action in the same form that it was produced in the Federal Securities Class Action, provided that such discovery shall be used by Plaintiff only for purposes of this Action. This shall include copies of all discovery requests served upon defendants, their employees or agents, and third parties in the Federal Securities Class Action, their responses to those requests, and the substantive formal meet and confer correspondence associated with those requests. Plaintiff and his counsel shall sign and be bound by any confidentiality orders entered in the Federal Securities Class Action, provided that the discovery may be used in this Action.

2. Plaintiff or his counsel shall reimburse the producing party for the actual out-of-pocket costs incurred in connection with the copying and shipping of such discovery (including but not limited to document production).

3. Requests for documents, interrogatories, depositions on written questions, and requests for admission propounded in the Federal Securities Class Action shall be deemed to have been propounded and served in this Action.

4. Before Defendants respond to a complaint in this Action, Plaintiff shall propound no more than ten (10) requests for production of documents and ten (10) interrogatories to CHSI (in each case, inclusive of subparts) limited solely to issues unique to this Action. In the event that CHSI refuses to answer or respond to any such request on the ground that the information sought

2

Case 3:19-cv-00733   Document 32   Filed 09/20/22   Page 2 of 5 PageID #: 176

is more readily available from another party to this Action, Plaintiff shall not be precluded from seeking such information from that party and Defendants shall not be precluded from objecting to that request. Other than as expressly provided in this section G.4 and in sections G.6 and G.7 below, no other discovery (including expert discovery) by Plaintiff in this Action shall be permitted before Defendants respond to a complaint in this Action.

5. Nothing in this order shall delay or otherwise affect the scope, occurrence, timing, or sequencing of discovery or scheduling, including of depositions, in the Federal Securities Class Action.

6. Counsel for Plaintiff shall be permitted to attend, but not ask questions, during any deposition scheduled in the Federal Securities Class Action. Plaintiff's counsel shall be permitted to make objections during examination by other counsel in accordance with applicable rules; however, any objections by Plaintiff's counsel shall have no force or effect in the Federal Securities Class Action. Following the examination by the parties to the Federal Securities Class Action, the deposition of the witness noticed for deposition in the Federal Securities Class Action shall be closed.

7. Immediately following the completion of the deposition of a witness in the Federal Securities Class Action described above in numbered paragraph 6, counsel for Plaintiff shall be permitted to conduct a deposition of the witness. Plaintiff's counsel shall make reasonable efforts to ask questions that are non-duplicative of questions already asked in the prior deposition. Nothing herein shall be construed as a waiver by defendants in the Federal Securities Class Action as to the admissibility of any portion of Plaintiff's examination in the Federal Securities Class Action.

8. Plaintiff's examination of a deponent pursuant to numbered paragraph 7 above shall not exceed sixty minutes in length. The duration of the deposition in the Federal Securities Class Action shall not be limited or affected by the deposition pursuant to numbered paragraph 7.

9. Plaintiff's counsel may obtain directly from the court reporter at its own expense a transcript of any deposition taken in the Federal Securities Class Action. The transcript of any deposition taken in the Federal Securities Class Action shall not be used by Plaintiff except in accordance with this order and any applicable protective order regarding the handling of confidential information and/or materials.

10. If Plaintiff has been provided with reasonable notice of and the opportunity to attend a deposition taken in the Federal Securities Class Action and to conduct an examination pursuant to numbered paragraph 7 immediately thereafter, Plaintiff shall not be permitted to re-depose that deponent (including after Defendants respond to a complaint in this Action) without obtaining an order from this Court on a regularly noticed motion for good cause shown.

11. Any party or witness receiving a notice of deposition in this Action that he, she, or it contends is not permitted by the terms of this order shall have fourteen (14) calendar days from the receipt of the notice within which to serve the noticing party with a written objection to the deposition. In the event of such an objection, the deposition shall not go forward in this Action until the noticing party applies for and receives an order granting leave to take the deposition, following an appropriate motion to reopen this case for that limited purpose.

12. Numbered paragraphs 7 through 11 concerning witnesses deposed in the Federal Securities Class Action do not apply to witnesses who are not deposed in the Federal Securities Class Action and whom the parties in this Action may seek to depose in this Action after Defendants respond to a complaint in this Action.

4

Case 3:19-cv-00733   Document 32   Filed 09/20/22   Page 4 of 5 PageID #: 178

Counsel for the parties to this action may appear for and participate in any scheduled status or case management conferences in the Federal Securities Class Action including the one scheduled for December 14, 2022, at 10:00 a.m. (CT).[1]

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[1] That status/case management conference was originally scheduled to be held telephonically, but by separate order entered in the Federal Securities Class Action will be held in person in Courtroom 3D, Fred D. Thompson U.S. Courthouse, 719 Church Street, Nashville, Tennessee.