IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PATRICK AYERS, derivatively on behalf of COMMUNITY HEALTH SYSTEMS, INC., | ) ) ) | Case No. 3:19-cv-00733 |
| Plaintiff, | ) ) ) | District Judge Eli J. Richardson Magistrate Judge Barbara D. Holmes |
| v. | ) ) | |
| WAYNE T. SMITH, *et al.*, | ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| COMMUNITY HEALTH SYSTEMS, INC., | ) ) | |
| Nominal Defendant. | ) | |

**ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a stockholder derivative action captioned *Ayers v. Smith*, Case No. 3:19-cv-00733 (the "**Action**") is pending in this Court;

WHEREAS, (i) plaintiff Patrick Ayers ("**Plaintiff**"), derivatively on behalf of nominal defendant Community Health Systems, Inc. ("**CHSI**" or the "**Company**"); (ii) defendants Thomas J. Aaron, W. Larry Cash, John A. Clerico, Michael Dinkins, James S. Ely III, John A. Fry, Kevin J. Hammons, Tim L. Hingtgen, William Norris Jennings, K. Ranga Krishnan, Julia B. North, Wayne T. Smith, and H. James Williams (collectively, the "**Individual Defendants**"); and (iii) nominal defendant CHSI (together with the Individual Defendants, the "**Defendants**," and collectively with Plaintiff and the other parties to the Stipulation, the "**Parties**"), have entered into a Stipulation and Agreement of Settlement dated November 13, 2023 (the "**Stipulation**"), which

1

sets forth the terms and conditions of the proposed settlement of the Action, subject to the approval of this Court pursuant to Rule 23.1 of the Federal Rules of Civil Procedure;

WHEREAS, Plaintiff has made a motion for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice of the Settlement to CHSI Stockholders (defined below) (the "**Preliminary Approval Motion**"); and

WHEREAS, the Court has read and considered: (i) the Preliminary Approval Motion and the papers filed and arguments made in connection therewith; and (ii) the Stipulation and the exhibits attached thereto;

NOW, THEREFORE, having found that sufficient grounds exist for entering this Order, the Court hereby ORDERS as follows:

1.      This Order incorporates by reference the definitions in the Stipulation and, unless otherwise defined in this Order, all capitalized terms used in this Order shall have the same meaning as set forth in the Stipulation.

2.      The Court preliminarily approves the Settlement on the terms set forth in the Stipulation, subject to further consideration at a hearing (the "**Settlement Fairness Hearing**") to be held before the Court on **Monday, January 29, 2024, at 8:30 a.m.**, either in person at the United States District Court for the Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, Courtroom 5C, 719 Church Street, Nashville, TN 37203, or by telephone or videoconference (in the discretion of the Court) to, among other things: (i) determine whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable, and adequate, and should be finally approved by the Court; (ii) determine whether the Judgment, substantially in the form attached as Exhibit D to the Stipulation, should be entered dismissing the Action with prejudice and extinguishing and releasing the Released Claims; (iii)

2

determine whether the agreed-to Fee and Expense Amount should be approved; and (iv) rule on such other matters as the Court may deem appropriate.

3.      The Court may adjourn the Settlement Fairness Hearing without further notice to the CHSI Stockholders and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the CHSI Stockholders. The Court may decide to hold the Settlement Fairness Hearing by telephone or video conference without further notice to the CHSI Stockholders. Any CHSI Stockholder (or his, her, or its counsel) who wishes to appear at the Settlement Fairness Hearing should consult the Court's docket and/or "Investor Relations" portion of CHSI's website for any change in date, time, or format of the Settlement Fairness Hearing.

4.      The Court approves the form, content, and requirements of the Notice, attached to the Stipulation as Exhibit C, and finds that the dissemination of the Notice, substantially in the manner and form set forth in this Order, meets the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules, and constitutes due and sufficient notice of all matters relating to the Settlement.

5.      By no later than five (5) business days after the date of entry of this Preliminary Approval Order, the Company (or its successor-in-interest) shall cause: (a) the Notice, substantially in the form attached as Exhibit C to the Stipulation, to be published one time on Business Wire; (b) the filing with the SEC of a Current Report on Form 8-K (the "**Settlement Form 8-K**"), attaching the Notice, substantially in the form attached as Exhibit C to the Stipulation, and the Stipulation; and (c) the publication of the Settlement Form 8-K and its attachments on the "Investor Relations" portion of the Company's website, which shall remain posted thereto through at least the Effective Date of the Settlement. The Company shall pay or

3

cause to be paid any and all Notice Costs regardless of the form or manner of notice ordered by the Court and regardless of whether the Court approves the Settlement or the Effective Date of the Settlement otherwise fails to occur, and in no event shall Plaintiff or his attorneys be responsible for any such costs or expenses.

6.      By no later than seven (7) calendar days before the Settlement Fairness Hearing, the Company shall file with the Court an appropriate proof of compliance with the notice procedures set forth in this Order.

7.      Any person or entity who held of record, or beneficially owned, shares of CHSI common stock as of the close of business on the date of execution of the Stipulation ("**CHSI Stockholder**") and who continues to own shares of CHSI common stock through the date of the Settlement Fairness Hearing may appear at the Settlement Fairness Hearing to show cause why the proposed Settlement should not be approved; why the Judgment should not be entered thereon; or why the agreed-to Fee and Expense Amount should not be granted; provided, however, that no such person or entity shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Judgment to be entered approving the same, or Plaintiff's motion for an award of attorneys' fees and expenses to Plaintiffs' Counsel, unless such person has filed with the Clerk of the United States District Court for the Middle District of Tennessee and delivered (by hand, first-class mail, or express service) to counsel at the addresses stated below, a written, signed objection that: (i) identifies the case name and case number for the Action, *Ayers v. Smith*, Case No. 3:19-cv-00733; (ii) states the objector's name, address, and telephone number, and if represented by counsel, the name, address, and telephone number of his, her, or its counsel; (iii) contains a representation as to whether the objector and/or his, her, or its counsel intends to appear at the Settlement Fairness Hearing; (iv) contains a statement of the objection(s) to any

4

matters before the Court, the grounds for the objection(s) or the reasons for the objector's desiring to appear and be heard, as well as all documents or writings the objector desires the Court to consider, including any legal and evidentiary support; (v) if the objector has indicated that he, she, or it intends to appear at the Settlement Fairness Hearing, identifies any witnesses the objector may call to testify and any exhibits the objector intends to introduce into evidence at the Settlement Fairness Hearing; and (vi) includes (1) documentation sufficient to prove that the objector owned shares of CHSI common stock as of the close of business on the date of execution of the Stipulation, (2) documentation sufficient to prove that the objector continues to hold shares of CHSI common stock on the date of filing of the objection, and (3) a statement that the objector will continue to hold shares of CHSI common stock as of the date of the Settlement Fairness Hearing. Documentation establishing ownership of CHSI common stock must consist of copies of an official brokerage account statement, a screen shot of an official brokerage account, or an authorized statement from the objector's broker containing the information found in an account statement. Plaintiffs' Counsel and Defendants' Counsel are authorized to request from any objector additional information or documentation sufficient to prove his, her, or its holdings of CHSI common stock. Any such objection must be filed with the Court no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing and delivered to each of the below-noted counsel such that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing:

**Counsel to Plaintiff:**

Jerry E. Martin
Barrett Johnson Martin & Garrison LLC
414 Union Street, Suite 900
Nashville, TN 37219

-and-

Gregory M. Nespole
Levi & Korsinsky, LLP
33 Whitehall Street, 17th Floor
New York, New York 10004

**Counsel to Individual Defendants and the Company:**

Steven A. Riley
Milton S. McGee, III
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203

-and-

Nora M. Crawford
Wilson Sonsini Goodrich & Rosati, P.C.
222 Delaware Avenue, Suite 800
Wilmington, DE 19801

8.     Any person or entity who does not make his, her, or its objection in the manner provided in this Order shall be deemed to have forever waived his, her, or its right to object to any aspect of the proposed Settlement or the Fee and Expense Amount and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement or the requested attorneys' fees and expenses, or from otherwise being heard concerning the Settlement or the requested attorneys' fees and expenses in this or any other proceeding.

9.     Plaintiff shall file and serve papers in support of final approval of the proposed Settlement and in support of his motion for an award of attorneys' fees and expenses by no later than thirty-five (35) calendar days prior to the Settlement Fairness Hearing. If reply papers are

6

necessary, they are to be filed and served by no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

10.     Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be finally approved, the Court bars and enjoins Plaintiff from directly or indirectly commencing, instituting, or prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendants' Persons in any court or tribunal.

11.     Neither this Order nor any act or omission in connection therewith is intended to be, or shall be, (a) offered against any of the Released Defendants' Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Persons with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Persons or in any way referred to for any other reason as against any of the Released Defendants' Persons, in this Action or in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Order or the Stipulation; (b) offered against any of the Released Plaintiffs' Persons, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiffs' Persons that any of their claims are without merit, that any of the Released Defendants' Persons had meritorious defenses, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as

7

against any of the Released Plaintiffs' Persons in this Action or in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Order or the Stipulation; or (c) construed against any of the Released Defendants' Persons or the Released Plaintiffs' Persons as an admission, concession, or presumption that the consideration to be given in accordance with the Stipulation represents the consideration which could be or would have been recovered after trial. This provision shall remain in force in the event that the Settlement is terminated for any reason whatsoever.

12.     If the Settlement is terminated as provided in the Stipulation, the Settlement is not finally approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation or this Order, and this Order shall be without prejudice to the rights of Plaintiff, Individual Defendants, and the Company, and the Parties shall each revert to their respective litigation positions in the Action as of immediately prior to the execution of the Stipulation.

13.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or related to the Settlement.

SO ORDERED this 4th day of December, 2023.

_Eli Richardson_
The Honorable Eli J. Richardson
United States District Judge